UNITED STATES v. KOL LEE.

(District Court, S. D. Georgia, N. E. D.    June 23, 1904.)

1. ALIENS—CHINESE EXCLUSION—LABORER.

> Defendant was a Chinese person of reputable character, who had resided in this country for 19 years, and was the proprietor of two laundries, which he conducted. If he labored himself, it was only incidentally. He testified that he entered the country on proper papers, which he had lost, and that he applied to a lawyer to obtain a duplicate certificate, and did obtain a paper which he supposed to be one, and which he produced, but it was in fact worthless. *Held,* that the evidence was not sufficient to show that he was a laborer, and that his evident good faith, and the fact that he had remained in the country so long without being molested, raised a presumption that he was entitled to remain.

Appeal from Order of George K. Calvin, United States Commissioner, Directing Deportation of Chinese Person.

William R. Leaken, Asst. U. S. Atty.

C. E. Dunbar, for defendant.

SPEER, District Judge (orally). This is a case of considerable interest. It involves the deportation of the appellant, Kol Lee. This had already been ordered by a United States commissioner, and appeal has been taken from the decision of that official. Investigation de novo is now had upon the appeal. The government might very well, in the exercise of its inherent power to admit aliens to the country or to exclude them therefrom, have relied upon its executive departments to accomplish that which is sought to be done in this case. It has chosen, however, to rely upon the courts. When this is done, certainly it is in no case competent for a court to wholly disregard those fundamental principles which from time immemorial have been conserved in courts of justice. One of these principles under our system is that the proof must conform to the allegations made against the person brought into court. Here the affidavit upon which this proceeding is based is to the effect that Kol Lee, the respondent, is a laborer. The government has wholly failed, in the opinion of the court, to establish that fact by proof. The only evidence upon the subject is that he is the proprietor and operator of laundries. That he may occasionally iron a shirt, or that he may cook for himself, does not, in the opinion of the court, make him a laborer in contemplation of the act. Act Sept. 13, 1888, c. 1015, 25 Stat. 476 [U. S. Comp. St. 1901, p. 1312]. He is a man widely known in Augusta, where he lives. According to the testimony of the government witness, he is a man of good character. He has been in that city a long number of years. He has been in this country, 19 years. This is not contradicted. He is the proprietor of a laundry in Augusta, and proprietor of another in Waynesboro. Now, it is true that in the case of Lee Ah Yen v. U. S., 116 Fed. 615, 54 C. C. A. 70, the Circuit

¶ 1. Citizenship of the Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing v. United States, 35 C. C. A. 332.

Court of Appeals of the Ninth Circuit (a tribunal which is engaged a great deal with the Chinese exclusion cases) held that a Chinese woman who was found in a house of ill fame, and who, so far as it appeared from the proof, did no work whatever, was a laborer. In that decision the court declared arguendo that a Chinaman who owned and operated a laundry was, in contemplation of the Chinese exclusion legislation, also a laborer. Now, it appears to me that in reviewing the characteristics of the particular person before that court and in the determination of her status it was not essential for the learned judges to determine that one operating a laundry was a laborer. It did not appear that she claimed to operate a laundry, or was in any sense a laundress. No other Chinese person was before the court. The holding, therefore, seems merely a dictum. Of course, this is understood to be an opinion expressed by a court, but which, not being necessarily involved in the case, lacks the force of an adjudication. We are permitted, therefore, we think, to determine whether one who is unquestionably the proprietor of laundries, and who works incidentally for himself, is a laborer, in contemplation of the Chinese exclusion laws; and the conclusion on this point is against the contention of the government. Living in America all unmolested for more than half the period of a generation, it would seem most oppressive, except upon clear proof, when he is now 49 years of age, to deport this reputable man to the distant land which he abandoned at the age of 30. Again, his conduct at the time he was arrested, as recounted by Deputy Marshal Stalnaker, shows he believed in good faith that he had the right to be here. Kol Lee assured Mr. Stalnaker his papers were all right. He at once went to the private safe deposit in which he kept his most important papers, and triumphantly brought forth this worthless certificate, which had been procured for him in Savannah by an attorney, and presented it to the deputy marshal, as if to say, "This settles it, and settles it in my favor." Now, taking that in connection with his own testimony that he had papers which admitted him to this country, and that they were lost or destroyed, with his application in Savannah to obtain a duplicate of his certificate, and with the fact that he had been here for 19 years without interference, so far as the record discloses, by government officials, it all raises a strong presumption of the legality of his residence in the United States. Again, all government officers are presumed to have done their duty. The government has an ample number of officials who are charged with the duty of detecting and deporting Chinamen who are here improperly. The fact that Kol Lee was never interfered with until this prosecution was brought is also in his favor. His excellent general character is, under the circumstances, evidential that he was admitted into this country on proper papers. He had lost the papers, it is true, and he knew the necessity of getting a duplicate certificate. It is true he applied to an irresponsible person to get this for him, and got merely what was a declaration of his intention to become a naturalized citizen; but he thought it was all right, and it supports his good faith to an extent that, even in the enforcement

of the severe Chinese exclusion law, an American court seems justified in holding in his favor.

Besides, I am by no means satisfied that this proceeding should not be quashed because the court where it was instituted was without jurisdiction. It seems plain from the statute that, if it is necessary to designate a particular commissioner to hear a case of the sort, that designation should be made by the district attorney, and not by the assistant to the District Attorney, as was done in this case. Since, however, the proceeding here was an investigation de novo, it is not necessary to determine that question.

For the reasons stated, Kol Lee will be ordered discharged.